BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
DENNIS MITCHELL (Cal. Bar No. 116039)
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorneys
Public Corruption & Civil Rights and
Environmental Crimes & Consumer Protection Sections
    1100/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0304/2484/1019
    Facsimile: (213) 894-0141
    E-mail:    juan.rodriguez@usdoj.gov
               dennis.mitchell@usdoj.gov
               Laura.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-699-JFW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| PHILLIPS 66 COMPANY, | |
| Defendant. | **CURRENT TRIAL DATE:** 7/8/2025<br>**PROPOSED TRIAL DATE:** 2/17/2026 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Juan M. Rodriguez, Dennis Mitchell, and Laura A. Alexander, and defendant Phillips 66 Company ("defendant"), both individually and by and through its counsel of record, Ariel A. Neuman and Monique M. Candiff, hereby stipulate as follows:

1. The Indictment in this case was filed on November 20, 2024. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on May 15, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 24, 2025.

2. On May 15, 2025, the Court set a trial date of July 8, 2025. On May 16, 2025, the Court set a status conference date of June 16, 2025, and a motion schedule as follows: pretrial motions to be filed by May 30, 2025, oppositions to be filed by June 9, 2025, and replies, if any, to be filed by June 11, 2025.

3. The government estimates that the trial in this matter will last approximately five days.

4. By this stipulation, defendant moves to continue the trial date to February 17, 2026, and the status conference date to January 26, 2025, with pretrial motions to be filed by January 9, 2026, oppositions to be filed by January 19, 2026, and replies, if any, to be filed by January 21, 2026. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with six violations of 33 U.S.C. §§ 1317(d), 1319(c)(1)(A),(2)(A), for knowingly and negligently violating local pretreatment program requirements and federal pretreatment standards. The government represents that it has produced approximately 3,300 pages of discovery to the defense to date, including internal company policies, Notices of Violation issues by the Sanitation Districts of Los Angeles County,

photographs, emails, inspection records, and personnel records. The government is in the process of preparing additional discovery to the defense, and will produce it to defendant as soon as possible.

        b.    Lead trial counsel for defendant, Ariel A. Neuman, is presently scheduled to be in the following trials: (1) <u>In the Matter of the First Amended Accusation Against Tesla Inc., dba Tesla Motors, Inc., A Vehicle Manufacturer</u>, OAH No. 2023110194; consolidated with <u>In the Matter of the First Amended Accusation Against Tesla Inc., dba Tesla Motors, Inc., a Vehicle Dealer</u>, OAH No. 2023110196, set for July 21, 2025, and expected to last five to seven days; (2) <u>United States v. Grigor Termendjian</u>, Case No. 2:23-CR-453-JLS, set for October 7, 2025, and estimated to last two weeks; and (3) <u>Mira Kim v. Gina Kim, et. al.</u>, Case No. 30-2021-01183125-CU-BCCJC (lead case), consolidated with Case No.: 30-2022-01289089-CU-MC-CJC, set for November 24, 2025, and estimated to last three to four weeks. Trial counsel Monique M. Candiff also anticipates being in a five-day trial in <u>Obermann et al. v. Annie - Coastal Medical Aesthetics LLC et al.</u>, Index No. 655653/2024, in late December 2025 or early January 2026 (trial date not yet set). Accordingly, trial counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

        c.    In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant's representatives, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense

1 counsel represent that failure to grant the continuance would deny
2 them reasonable time necessary for effective preparation, taking into
3 account the exercise of due diligence.
4     d.    Defendant believes that failure to grant the
5 continuance will deny it continuity of counsel and adequate
6 representation.
7     e.    The government does not object to the continuance.
8     f.    The requested continuance is not based on congestion
9 of the Court's calendar, lack of diligent preparation on the part of
10 the attorney for the government or the defense, or failure on the
11 part of the attorney for the Government to obtain available
12 witnesses.
13     6.    For purposes of computing the date under the Speedy Trial
14 Act by which defendant's trial must commence, the parties agree that
15 the time period of July 8, 2025 to February 17, 2026, inclusive,
16 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and
17 (h)(7)(B)(i) because the delay results from a continuance granted by
18 the Court at defendant's request, without government objection, on
19 the basis of the Court's finding that: (i) the ends of justice served
20 by the continuance outweigh the best interest of the public and
21 defendant in a speedy trial; (ii) failure to grant the continuance
22 would be likely to make a continuation of the proceeding impossible,
23 or result in a miscarriage of justice; and (iii) failure to grant the
24 continuance would unreasonably deny defendant continuity of counsel
25 and would deny defense counsel the reasonable time necessary for
26 effective preparation, taking into account the exercise of due
27 diligence.
28

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 29, 2025                    Respectfully submitted,

                                       BILAL A. ESSAYLI
                                       United States Attorney

                                       CHRISTINA T. SHAY
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                              /s/
                                       ─────────────────────────────
                                       JUAN M. RODRIGUEZ
                                       DENNIS MITCHELL
                                       LAURA ALEXANDER
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

I am Phillips 66 Company's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client's representative. I have fully informed my client's authorized representatives of Phillips 66 Company's Speedy Trial rights. To my knowledge, my client's authorized representative understands those rights and agrees to waive them on behalf of Phillips 66 Company. I believe that Phillips 66 Company's decision to give up the right to be brought to trial earlier than February 17, 2026 is an informed and voluntary one.

_____    5/30/25
Ariel A. Neuman                    Date
Monique M. Candiff
Bird, Marella, Rhow, Lincenberg,
Drooks and Nessim, LLP

Attorney for Defendant
PHILLIPS 66 COMPANY


I have read this stipulation and have carefully discussed it with Phillips 66 Company's attorney. I understand Phillips 66 Company's Speedy Trial rights. As Phillips 66 Company's authorized representative, I voluntarily agree to the continuance of the trial date, and give up Phillips 66 Company's right to be brought to trial earlier than February 17, 2026.

_____    May 30, 2025
Authorized Representative of       Date
PHILLIPS 66 COMPANY
Defendant

6