TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
DENNIS MITCHELL (Cal. Bar No. 116039)
Deputy Chief, Environmental Crimes and
Consumer Protection Section
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
      1100/1400 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2484/0304/1019
      Fax:       (213) 894-0141
      Email:     dennis.mitchell@usdoj.gov
                 juan.rodriguez@usdoj.gov
                 laura.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 24-699-JFW |
| Plaintiff, | DEFERRED PROSECUTION AGREEMENT FOR DEFENDANT PHILLIPS 66 COMPANY |
| v. | |
| PHILLIPS 66 COMPANY, | |
| Defendant. | |

INTRODUCTION

1.   This Deferred Prosecution Agreement (the "DPA" or "this agreement") is entered into between the United States Attorney's Office for the Central District of California ("USAO") and defendant PHILLIPS 66 COMPANY ("Defendant").  This DPA is entered into only on behalf of the USAO and cannot bind any other federal, state, local

or foreign prosecuting, enforcement, administrative, or regulatory authority, except as noted in Paragraph 3(d).

<u>DEFENDANT'S OBLIGATIONS</u>

2.    Defendant, having been fully advised by counsel, knowingly and voluntarily agrees to:

a.    Pay a monetary fine of $8,000,000 due in full within 15 business days of the Initial Effective Date of the DPA, as defined in Paragraph 4.

b.    Pay $28,572.05 in restitution, which will be directed to the Los Angeles County Sanitation Districts, within 10 business days of the Initial Effective Date.

c.    Not contest facts agreed to in this agreement and the Statement of Facts attached hereto as Exhibit A, which is incorporated herein by reference;

d.    Comply with all terms in this agreement and the Compliance Plan attached hereto as Exhibit B and incorporated herein by reference.

e.    Appear for all court appearances and obey any other ongoing court order in this matter.  Sign, file, and enter a Stipulation Regarding Request for (1) a continuance of the trial date, and (2) findings of excludable time periods pursuant to the Speedy Trial Act, in the form attached to this agreement as Exhibit C or a substantially similar form.

f.    Waive, relinquish, and give up any right to challenge the form of the charges alleged in the Indictment, including without limitation that the charges are duplicitous;

g.    Waive any objection with respect to venue in the Central District of California for purposes of the charges in the

Indictment arising out of the conduct described in the Statement of Facts attached as Exhibit A ("Statement of Facts") and any other charges that may be filed against defendant for its unlawful discharges of wastewater containing: (1) prohibited waste or (2) excessive quantities or concentrations of any restricted waste into a publicly owned treatment works operated by the Los Angeles County Sanitation District between January 2023 and April 2024, following a determination by the USAO of breach under Paragraph 27 below (a "Breach");

h.   Not commit any federal, state, or local crime, and to advise the USAO within 48 hours if defendant gains knowledge that it is being investigated for a violation of any federal, state, or local crime; and

i.   At all times be truthful with the USAO, the Environmental Protection Agency ("EPA"), the United States Probation and Pretrial Services Office, and the Court.

<u>THE GOVERNMENT'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement and the Statement of Facts attached hereto as Exhibit A.

b.   Sign, file, and enter a Stipulation Regarding Request for (1) Continuance of Trial Date, and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, in the form attached to this agreement as Exhibit C or a substantially similar form.

c.   Dismiss the indictment within 30 calendar days of the conclusion of the three-year term, provided that defendant is in full compliance with all of its obligations under this agreement at that time.

        d.    Except for civil and criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further prosecute defendant for criminal and/or civil violations arising out of defendant's conduct described in the Indictment, Statement of Facts attached as Exhibit A or any uncharged conduct occurring between January 2023 and April 2024.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the Initial Effective Date.  Defendant agrees that at the time of sentencing the Court may consider any uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departures from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

                        EFFECTIVE DATE OF THE DPA

        4.    This DPA is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, and acceptance by the Court (the "Initial Effective Date").

                           TERM OF THE DPA

        5.    This DPA is effective for a period beginning on the Initial Effective Date and ending 36 months from the Initial Effective Date (the "Term").

        6.    Fifteen days prior to the end of the Term, defendant will provide to the USAO a certification signed by an authorized representative of defendant and its counsel stating that defendant has complied with its obligations under this DPA.  Such certification will be deemed a material statement and representation

4

by defendant to the executive branch of the United States for

purposes of 18 U.S.C. § 1001 (false statement to federal agency) and

applicable federal obstruction of justice statutes, and it will be

deemed to have been made in the Central District of California.

7.    Defendant and the USAO understand that the Court must

grant the parties' stipulation to continue the trial date and make

findings of excludable time under the Speedy Trial Act, in

accordance with 18 U.S.C. § 3161(h)(2).  Should the Court reject

this stipulation, attached as Exhibit C: (a) both the USAO and

defendant are released from any obligation imposed upon them by the

agreement; and (b) the agreement shall be null and void.

<u>RELEVANT CONSIDERATIONS</u>

8.    The USAO enters into this DPA based on the individual

facts and circumstances presented by this case and by defendant.

Among the factors considered were the following: (a) the nature and

seriousness of the offense conduct; (b) defendant's timely

willingness to acknowledge and accept responsibility for the actions

charged in the Indictment and set forth in the Statement of Facts;

(c) defendant's payment of the fine set forth in paragraph 2; and

(d) defendant's implementation of the Compliance Plan ("CP")

attached hereto as Exhibit B, which includes defendant's agreement

to update and implement its comprehensive training program for

employees whose duties reasonably impact Clean Water Act compliance

related to ongoing refinery operations; defendant's engagement of a

third party auditor to conduct two audits; and defendant's

identification of a single corporate executive responsible for

overseeing defendant's Clean Water Act compliance related to ongoing

refinery operations.

## CORPORATE AUTHORIZATION

9.    Defendant represents that it is authorized to enter into this agreement.  On or before the date this agreement is signed, defendant shall provide the USAO and file with the Court a notarized legal document certifying that defendant is authorized to enter into and comply with all of the provisions of this agreement.  Such legal document shall designate a company representative who is authorized to take the actions specified in this agreement, and shall also state that all legal formalities for such authorizations have been observed.

## ORGANIZATIONAL CHANGES AND APPLICABILITY

10.    This agreement shall bind defendant, its successor entities (if any), parent companies, and any other person or entity that assumes the liabilities contained herein ("successors-in-interest").  Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the Court notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this agreement within ten business days. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this agreement.  Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

## CONDITIONAL RELEASE FROM LIABILITY

11.    Nothing in this DPA shall preclude or limit the USAO or any government entity from bringing a criminal prosecution against

defendant for making false statements, obstruction of justice, perjury, subornation of perjury, witness tampering, or aiding and abetting or conspiring to commit such offenses, based on defendant's conduct in performing obligations under this DPA, including information provided by defendant and/or defendant's representative(s).  Further, the USAO may use any information related to the conduct described in the Statement of Facts against defendant: (a) in a prosecution for perjury or obstruction of justice; or (b) in a prosecution for making a false statement.

12.  This DPA does not provide any protection against prosecution by the USAO for conduct that is not expressly referenced in the Indictment, the Statement of Facts or within the scope of the investigation related any uncharged conduct occurring between January 2023 and April 2024.

13.  This DPA does not provide any protection against prosecution by the USAO for any conduct by defendant occurring before or after the time period described in the Indictment, Statement of Facts or the investigation relating to any uncharged conduct occurring between January 2023 and April 2024.

14.  Nothing in this DPA in any way limits the USAO's ability to use this DPA or any information related to the conduct described in the Indictment or the Statement of Facts in any prosecution or other action not specifically precluded by this DPA.

<u>DEFERRED PROSECUTION</u>

15.  In consideration of defendant's agreement to the terms set forth in this DPA, the USAO agrees that any prosecution of defendant for the conduct set forth in the Indictment, Statement of Facts and for any uncharged conduct occurring between January 2023 and April

2024 will, subject to the Breach provisions in Paragraphs 27-29, be deferred for the Term.  Absent a Breach, the USAO will move the Court to dismiss the Indictment with prejudice no later than 30 calendar days of the conclusion of the three year term.

## NATURE OF THE OFFENSE

16.  Defendant understands that for defendant to be guilty of the crime charged in Count One of the Indictment, that is, negligently violating a pretreatment program requirement, in violation of the Clean Water Act, 33 U.S.C. §§ 1317(d), 1319(c)(1)(A), the following must be true: (1) defendant owned or operated a source; (2) defendant operated that source in violation of a pretreatment program requirement or in violation a national pretreatment standard (including a categorical standard), after the effective date of the requirement/standard; and (3) defendant acted negligently.

17.  Defendant understands that for defendant to be guilty of the crime charged in Counts Two through Six of the Indictment, that is, knowingly violating a pretreatment program requirement, in violation of the Clean Water Act, 33 U.S.C. §§ 1317(d), 1319(c)(1)(A), the following must be true: (1) defendant owned or operated a source; (2) defendant operated that source in violation of a pretreatment program requirement or in violation a national pretreatment standard (including a categorical standard), after the effective date of the requirement/standard; and (3) defendant acted knowingly.

## PENALTIES AND RESTITUTION

18.  Defendant understands that the statutory maximum sentence that the Court can impose for each of Counts One and Two of the

Indictment, is: five years' probation; a fine of $200,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $125.

19.  Defendant understands that the statutory maximum sentence that the Court can impose for each of Counts Three through Six of the Indictment, is: five years' probation; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

20.  Therefore, defendant understands that the total statutory maximum sentence that the Court can impose in this matter is: 5 years' probation; a fine of $2,400,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $1,850.  The parties stipulate and agree that a fine of $8,000,000 is appropriate under the circumstances.

21.  Defendant agrees to pay the sum of $28,572.05 in restitution for losses to the Los Angeles County Sanitation Districts ("LACSD") resulting from defendant's industrial wastewater discharges as described in the Indictment and Statement of Facts.

<u>SUSPENSION, REVOCATION, AND DEBARMENT</u>

22.  Defendant understands that if defendant holds any regulatory licenses or permits, this agreement may result in the suspension or revocation of those licenses and/or permits.  The USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof.  Suspension and debarment of organizations is a discretionary administrative action solely within the authority of those federal contracting agencies.

Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw from this agreement.

FACTUAL BASIS

23.    Defendant acknowledges and agrees that it is responsible under United States law for the acts charged in the Indictment and set forth in the Statement of Facts, attached hereto as Exhibit A, and that the facts described in the Statement of Facts are true and correct.    The attached Statement of Facts is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to the parties that relate to that conduct.    Should the USAO pursue the prosecution that is deferred by this DPA following a Breach, defendant stipulates to the admissibility of the Statement of Facts in any proceeding, including any trial, guilty plea, or sentencing proceeding involving the charges in the Indictment or based on the Statement of Facts, and agrees not to contradict anything in the Statement of Facts at any such proceeding.    Defendant's entry into this DPA does not constitute an admission that it is guilty of the offenses charged in the Indictment.    In the event that the USAO offers the Statement of Facts in any such proceedings, defendant agrees that it will not challenge the admissibility or accuracy of the Statement of Facts, but reserves the right to make any other argument relating to the Statement of Facts.

## WAIVER OF STATUTE OF LIMITATIONS

24. Having been fully advised by defendant's attorney regarding the application of the statute of limitations to the offenses charged in the Indictment, along with the unlawful discharges of wastewater containing: (1) prohibited waste or (2) excessive quantities or concentrations of any restricted waste into a publicly owned treatment works operated by the Los Angeles County Sanitation District between January 2023 and April 2024, inclusive, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for this conduct because of the expiration of the statute of limitations for the offenses prior to the filing of the Indictment alleging the offenses; and (b) any defense, claim, or argument defendant could raise or assert that prosecution of the offenses is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation. Such waiver applies only for the term of this Agreement plus one year additional year, but defendant will not at any time argue that the original indictment was untimely.

## WAIVER OF RIGHTS CONCERNING FACTUAL BASIS

25. Defendant agrees that: (i) the agreed to factual basis statement in this agreement; and (ii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

1  evidence derived from the statements should be suppressed or are

2  inadmissible.

3      26.  Defendant further agrees that this paragraph of the

4  agreement is severable.  Thus, defendant's waivers are binding and

5  effective even if, subsequent to defendant's signing this agreement,

6  even if this agreement is of the type described in Federal Rule of

7  Criminal Procedure 11(c)(1)(A), the Court rejects this

8  agreement.  Defendant also agrees that its waivers are binding and

9  effective even if some other portion of this agreement is found to

10  be invalid by this Court or the Ninth Circuit.

11                    <u>BREACH OF THE AGREEMENT</u>

12      27.  Defendant agrees that if, during the Term and through any

13  officer, authorized representative(s), or any employee holding the

14  rank of Supervisor (or a functional equivalent) subject to the

15  obligations set forth in the CP, it (a) knowingly and deliberately

16  provides, in connection with this DPA, false or misleading

17  information regarding a fact deemed material by the USAO;

18  (b) knowingly fails specifically to perform or to fulfill completely

19  any of defendant's obligations under this DPA, all of which are

20  material to the USAO, the USAO may, in its sole discretion, declare

21  this agreement breached.  In the event the USAO determines that the

22  defendant has breached this Agreement, the USAO agrees to provide

23  Phillips 66 with written notice of such breach prior to instituting

24  any prosecution resulting from such breach. Within thirty (30) days

25  of receipt of such notice, the defendant shall have the opportunity

26  to respond to the USAO in writing to explain the nature and

27  circumstances of such breach, as well as the actions Phillips 66 has

28  taken to address and remediate the situation, which explanation the

USAO shall consider in determining whether to pursue prosecution of the defendant. If after written notification of breach and 30 days, the USAO decides to pursue prosecution for a breach of this agreement, then the USAO will be relieved of all its obligations under this agreement.

28.  In the event that the USAO determines that defendant has breached this DPA, defendant shall thereafter be subject to, among other things, prosecution for the charges in the Indictment and the conduct in the Statement of Facts.  In addition, should the USAO elect to pursue such prosecution then: (a) defendant agrees that any applicable statute of limitations for any uncharged conduct described in the Statement of Facts, or any uncharged conduct occurring between January 2023 and April 2024, is tolled between the date of its signing of this DPA and 120 days after the USAO's determination that defendant has breached this agreement; and (b) defendant remains bound by all other waivers expressly made as part of this agreement.

29.  Defendant acknowledges that the USAO has made no representations, assurances, or promises concerning what sentence may be imposed by the Court if defendant breaches this DPA, the USAO follows through with prosecution, and this matter proceeds to judgement.  Defendant recognizes that the fact the USAO has agreed to enter into this DPA shall have no bearing on what sentence the USAO ultimately recommends after a Breach.  Defendant further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this DPA binds or restricts the Court in the exercise of such discretion.

1

<u>PUBLIC FILINGS AND STATEMENTS</u>

2    30.  Defendant and the USAO agree that the DPA (and its

3   exhibits) shall be publicly filed in the United States District

4   Court for the Central District of California.

5    31.  Defendant expressly agrees that it shall not, either

6   through present or future attorneys, agents, or any other person

7   authorized to speak for defendant, make any public statement, in

8   litigation or otherwise, contradicting the facts set forth in the

9   Statement of Facts.  Any material contradictory statement by

10  defendant, or directed or knowingly caused by defendant, regarding a

11  fact in the Statement of Facts shall, subject to cure rights of

12  defendant described below, constitute a Breach of this DPA, and the

13  USAO may declare the DPA breached as described in paragraph 27.

14  Defendant may avoid such a Breach of this DPA by publicly

15  repudiating such statement(s) within five (5) business days after

16  notice from the USAO of the identified contradictory statement.  If

17  the government determines there is a Breach, the USAO may then seek

18  prosecution as set forth in Paragraphs 27-29 of this DPA.  Defendant

19  shall be permitted to raise defenses and to assert affirmative

20  claims in other proceedings relating to the matters set forth in the

21  Statement of Facts provided that such defenses and claims do not

22  materially contradict, in whole or in part, a statement contained in

23  the Statement of Facts.

24

<u>MISCELLANEOUS PROVISIONS</u>

25    32.  Any notice or report to the USAO under this DPA shall be

26  provided (1) via email to Juan.Rodriguez@usdoj.gov;

27  Laura.Alexander@usdoj.gov; Dennis.Mitchell@usdoj.gov; <u>and</u> personal

28

delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to:

        Juan M. Rodriguez
        Laura A. Alexander
        Dennis Mitchell
        United States Attorney's Office, Central District of California
        312  N. Spring Street, 11th Floor
        Los Angeles, CA 90012

Notice shall be effective upon confirmed receipt by the USAO.

33.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement.

34.   This DPA may be executed in one or more counterparts, each of which shall be considered effective as an original signature. Further, all digital images of signatures shall be treated as originals for all purposes.

35.   This DPA is covered by the laws of the United States.  The USAO and defendant agree that exclusive jurisdiction and venue for any dispute arising under this DPA is in the United States District Court for the Central District of California.

36.   This DPA and the Exhibits thereto sets forth all the terms of the agreement between defendant and the USAO.  Defendant understands and agrees that, except as set forth in this DPA and its exhibits, there are no promises, understandings, or agreements between the USAO and defendant or its attorneys and that no amendments, modifications or additions to this DPA or its exhibits

1   shall be valid unless they are in writing and signed by an Assistant

2   United States Attorney, an attorney for defendant, and defendant.

3

4   AGREED AND ACCEPTED.

5

6   Dated:    January 20, 2026            Respectfully submitted,

7                                         TODD BLANCHE
                                          Deputy Attorney General
8
                                          BILAL A. ESSAYLI
9                                         First Assistant United States
                                          Attorney
10
                                          ALEXANDER B. SCHWAB
11                                        Assistant United States Attorney
                                          Acting Chief, Criminal Division
12
                                          *Juan M. Rodriguez*
13                                        _____
                                          JUAN M. RODRIGUEZ
14                                        LAURA A. ALEXANDER
                                          DENNIS MITCHELL
15                                        Assistant United States Attorneys

16                                        Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA
17

18

19
     ___01/20/2026___
20   Date                                 _____
                                          Defendant PHILLIPS 66 COMPANY
21                                        Richard Harbison
                                          Executive Vice President of
22                                        Refining

23

24

25
     __1/20/26__
26   Date                                 _____
                                          ARIEL A. NEUMAN
27                                        LILY N. CHINN
                                          NADIRA CLARKE
28                                        Attorneys for Defendant
                                          PHILLIPS 66 COMPANY

4110778.1                                 16

1

<u>CERTIFICATION OF DEFENDANT</u>

2    I have been authorized by defendant PHILLIPS 66 COMPANY

3 ("defendant") to enter into this DPA on behalf of defendant.  I have

4 had enough time to review and consider this DPA and its exhibits and

5 I have carefully and thoroughly discussed every part of it with

6 defendant's attorney.  I understand the terms of this DPA, and I

7 voluntarily agree to those terms on behalf of defendant.  I have

8 discussed the evidence with defendant's attorney, and defendant's

9 attorney has advised me of defendant's rights, possible pretrial

10 motions that might be filed, of possible defenses that might be

11 asserted either prior to or at trial, of relevant Sentencing

12 Guidelines provisions, and of the consequences of entering into this

13 DPA.  No promises, inducements, or representations of any kind have

14 been made to me or to defendant other than those contained in the

15 DPA and its exhibits.  No one has threatened or forced me or

16 defendant in any way to enter into this DPA.  I am satisfied with

17 the representation of defendant's attorney in this matter, and

18 defendant is entering into the DPA because it wishes to take

19 advantage of the promises and representations set forth in this DPA

20 and its exhibits, and not for any other reason.

21

22

23    _____      _01/20/2026_____
   Richard Harbison              Date

24 Executive Vice President of
   Refining

25 Authorized Representative of

26 Defendant PHILLIPS 66 COMPANY

27

28

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Defendant Phillips 66 Company's attorney.  I have carefully and thoroughly discussed every part of this DPA with my client and its authorized representative.  Further, I have fully advised my client and its authorized representative of its rights, of possible defenses that might be asserted either prior to or at trial, of relevant Sentencing Guidelines provisions, and of the consequences of entering into this DPA.  To my knowledge (1) no promises, inducements, or representations of any kind have been made to my client or its authorized representative other than those contained in this DPA and its exhibits; (2) no one has threatened or forced my client or its authorized representative in any way to enter into this DPA; and (3) my client's decision to enter into this DPA is an informed and voluntary one.

_____      _____

ARIEL A. NEUMAN                    Date
LILY N. CHINN
NADIRA CLARKE

Attorneys for Defendant
PHILLIPS 66 COMPANY

18



## ASSISTANT SECRETARY'S CERTIFICATE

I, Eunice Fuentes, being first duly sworn, depose and say that I am a duly elected, qualified and acting Assistant Secretary of Phillips 66 Company, a corporation organized and existing under and by virtue of the laws of the State of Delaware, (the "Company"), and acting within the authority of my said office and for and on behalf of said Company:

I DO HEREBY CERTIFY that:

1. In my capacity as Assistant Secretary, I am familiar with and have access to the articles of incorporation, by-laws, and minute books of Phillips 66 Company, its parent and subsidiary companies.

2. Attached hereto as **Exhibit A** is a true and correct copy, in pertinent part, of resolutions adopted by unanimous written consent of the Board of Directors of the Company, effective June 7, 2013. Said resolutions have not been amended, rescinded or revoked and remain in full force and effect as of the date hereof.

3. **Richard G. Harbison** is and has been at all times from February 1, 2023, the duly elected and qualified **Executive Vice President, Refinery** of the Company.

4. Pursuant to the resolutions effective February 1, 2023, **Richard G. Harbison, Executive Vice President, Refinery** is authorized and qualified to execute the documents described in said resolutions.

IN WITNESS WHEREOF, I have hereunto set my hand as Assistant Secretary and affixed the corporate seal of said Company this 15th day of January 2026.

Eunice Fuentes
Assistant Secretary
Phillips 66 Company

STATE OF TEXAS §

§

COUNTY OF HARRIS §

This instrument was acknowledged before me on January 15, 2026, by Eunice Fuentes, Assistant Secretary of Phillips 66 Company, a Delaware corporation, on behalf of the Corporation.



_____
Notary Public

## Exhibit A

**UNANIMOUS WRITTEN CONSENT**
**EFFECTIVE JUNE 7, 2013**

**Officer Execution Authority**

RESOLVED, that the president and vice presidents of this Company be, and each of them hereby is, authorized to execute and deliver on behalf of this Company any and all agreements, deeds, mortgages, assignments, leases, releases, bids, offers, applications, powers of attorney and other legal documents and instruments which may be necessary or expedient in, or incident to, the conduct of the ordinary business of this Company, with the exception of letters of credit, guarantees, bonds, and other matters addressed in the global banking resolutions most recently adopted by the Board.

FURTHER RESOLVED, that the secretary and the assistant secretaries of this Company be, and each of them hereby is, authorized to affix the corporate seal of this Company, if required, to any such document or instrument and to attest said seal when the same is so affixed.