# EXHIBIT A

At all times from 2017 to the present:

**The Defendant**

Defendant Phillips 66 Company ("defendant Phillips 66") was a publicly traded company that was headquartered in Houston, Texas, and conducted business in the Central District of California and elsewhere.  Specifically, defendant Phillips 66 owned and operated an oil refinery facility in Carson, California, in Los Angeles County, within the Central District of California, where defendant processed crude oil into various intermediate and finished products such as gasoline and other fuels.  Defendant Phillips 66's processes generated wastewater, which defendant Phillips 66 discharged.

**The Clean Water Act and National Pretreatment and Categorical Standards**

Industrial waste dischargers, like defendant Phillips 66, were required to pretreat their wastewater (e.g., reduce the concentration of certain pollutants) before discharging it to a Publicly Owned Treatment Works ("POTW") to comply with the United States Environmental Protection Agency's (the "EPA") National Pretreatment Standards and Categorical Pretreatment Standards established pursuant to the Clean Water Act.  National Pretreatment and Categorical Standards were designed to ensure that industrial users discharged into the sewer system wastewater which a POTW can effectively process and treat.

One Categorical Standard required defendant Phillips 66's oil refinery facility located in Carson, California (the "Carson Facility") not to discharge to a POTW wastewater containing a concentration greater than 100 milligrams per liter ("mg/L") of oil and grease.  Relatedly, a National Pretreatment Standard prohibited the discharge of industrial wastewater into a POTW in violation of specific prohibitions or limits developed by that POTW.

**The Los Angeles County Sanitation Districts & Defendant Phillips 66's Wastewater Permit**

The Los Angeles County Sanitation Districts ("LACSD") was a public agency that managed the collection, treatment, and disposal of waste, including industrial wastewater containing pollutants.  Prior to 2017, the LACSD had a pretreatment program approved under 33 U.S.C. § 1342(b)(8).  The LACSD operated POTWs where wastewater discharged by industrial users was treated through various processes for reuse or discharge to the waters of the United States.

The LACSD operated a POTW in Carson, California, called the Joint Water Pollution Control Plant (the "JWPCP"), which received and treated wastewater from industrial users, including defendant Phillips 66's Carson Facility.  The JWPCP was designed to handle 400 million gallons of wastewater per day.  The JWPCP was a treatment plant that accepted municipal waste (e.g.,

sanitary waste from residential homes) and industrial waste (e.g., industrial wastewater from industrial dischargers). The LACSD required industrial dischargers, such as defendant Phillips 66's Carson Facility, to have a pretreatment compliance program.

The LACSD reviewed and approved pretreatment compliance programs as part of its permitting process. To ensure that the JWPCP could appropriately treat the wastewater it received, the LACSD issued permits identifying the maximum quantity and concentration of pollutants (e.g., oil and grease) industrial wastewater could contain to be discharged to the JWPCP. Accordingly, if an industrial wastewater discharger, such as defendant Phillips 66's Carson Facility, discharged wastewater containing a concentration of oil and grease greater than its permit limit, multiple locations at the JWPCP could and would be affected.

As part of its pretreatment program, the LACSD adopted the Wastewater Ordinance on April 1, 1972, as amended on July 1, 1998, which sets forth various requirements under the LACSD's pretreatment program. Among other things, the Wastewater Ordinance required defendant Phillips 66's Carson Facility to obtain and maintain a permit to discharge industrial wastewater to the LACSD's sewerage system and POTW. The LACSD was authorized to issue permits to industrial users for the

3

discharge of wastewater to the LACSD's POTWs pursuant to, and consistent with, the requirements of the LACSD's pretreatment program. If an industrial discharger violated its permit, the LACSD could issue the discharger a Notice of Violation ("NOV").

Defendant Phillips 66 applied for, and on or about October 5, 2017, the LACSD issued, an industrial wastewater discharge permit for defendant Phillips 66's Carson Facility effective for a period of approximately five years (Permit No. 21079) (the "Wastewater Permit"). The Wastewater Permit, along with the LACSD's Wastewater Ordinance, set forth certain requirements that defendant Phillips 66's Carson Facility was obligated to follow in accordance with the LACSD's pretreatment program (collectively, "LACSD's Pretreatment Program") to discharge industrial wastewater to facilities maintained by the LACSD, including the JWPCP and sewerage system conveying wastewater to the JWPCP.

**Notification Requirements Under the LACSD's Pretreatment Program**

The LACSD's Pretreatment Program for defendant Phillips 66's Carson Facility set forth specific discharge limits for certain prohibited or restricted wastes, such as a maximum concentration of 75 mg/L for oil and grease, that could be contained in the industrial wastewater that defendant Phillips 66 discharged to the LACSD.

4

The LACSD's Pretreatment Program, and specifically paragraph 34 of the Wastewater Permit, required defendant Phillips 66 to immediately notify the LACSD by phone at any time of day or night in the event of a discharge of industrial wastewater containing any prohibited waste or excessive quantities or concentrations of any restricted waste at its Carson Facility.  The Wastewater Ordinance also required defendant Phillips 66 to immediately notify the LACSD of the discharge of any prohibited waste or of the discharge of excessive quantities or concentrations of any restricted waste.

Additionally, paragraph 34 of the Wastewater Permit also required defendant Phillips 66 to immediately notify the LACSD of any circumstances that affected its Carson Facility's plant processes or facility operations that could potentially result in the discharge of prohibited or restricted wastes, including the malfunction, upset or improper operation of plant processes, pretreatment systems spill containment facilities, or diversion/bypass mechanisms.  The Wastewater Ordinance contained a similar requirement.  Additionally, the Wastewater Ordinance required defendant Phillips 66's Carson Facility to comply with applicable federal regulations (i.e., National Pretreatment Standards and Categorical Pretreatment Standards).

5

**Defendant Phillips 66's Carson Facility's Discharge of Non-Compliant Industrial Wastewater on November 24, 2020**

On November 24, 2020, beginning at approximately 1:00 a.m. and ending at approximately 3:30 a.m., defendant Phillips 66 negligently discharged to the LACSD's JWPCP industrial wastewater containing a concentration of oil and grease, which was calculated by LACSD to be as high as 24,700 mg/L, more than 300 times the concentration allowed in the Wastewater Permit (75 mg/L) and more than 240 times the concentration allowed by the EPA's Categorical Standard for petroleum refineries (100 mg/L) at its Carson Facility.

Defendant Phillips 66 also negligently failed to inform the LACSD of a potential, or actual, discharge of wastewater containing an excessive quantity or concentration of any restricted waste (i.e., non-compliant discharge), such as oil and grease, from its Carson Facility into the LACSD's JWPCP. Both the discharge and the failure to notify were each a violation of a requirement in the LACSD's Pretreatment Program (i.e., defendant Phillips 66's Wastewater Permit and the Wastewater Ordinance).

During this approximately two-and-a-half-hour time period, defendant Phillips 66 negligently discharged approximately 310,000 gallons of non-compliant industrial wastewater, which contained approximately 64,000 pounds of oil and grease, from

6

its Carson Facility to the LACSD's JWPCP.  Defendant Phillips 66's Carson Facility's industrial wastewater pretreatment system process controls and practices were inadequate to prevent, or quickly address, the non-compliant discharge.

On or about December 10, 2020, the LACSD issued defendant Phillips 66's Carson Facility multiple NOVs for discharging industrial wastewater containing an excessive concentration of oil and grease, failing to inform the LACSD of said discharge of industrial wastewater, and for discharging industrial wastewater which adversely affected an LACSD POTW, namely, the JWPCP.

On or about January 5, 2021, the Manager of defendant Phillips 66's Carson Facility's Environmental Services Department submitted a written response to the LACSD which, in summary, acknowledged its non-compliant industrial wastewater discharge and its failure to notify the LACSD of said discharge, and represented that defendant Phillips 66 would "retrain operations personnel" on potential non-compliant discharge situations and the procedure to notify the LACSD of non-compliant discharges.  Despite this representation, defendant Phillips 66's Environmental Manager could not confirm whether any retraining was undertaken.

**Defendant Phillips 66's Carson Facility's Discharge of Non-Compliant Industrial Wastewater on February 8, 2021**

A few months after defendant Phillips 66 acknowledged in writing its Wastewater Permit requirements, including the oil and grease maximum concentration requirements, and the notification requirement related to a non-compliant discharge, defendant Phillips 66 had another non-compliant discharge. Specifically, on February 8, 2021, beginning at approximately 6:00 p.m. and ending at approximately 11:30 p.m., defendant Phillips 66 knowingly discharged from its Carson Facility to the LACSD industrial wastewater containing a concentration of oil and grease higher than 75 mg/L.

Defendant Phillips 66's Carson Facility's industrial wastewater samples for February 8, 2021, between 6:00 p.m. and 12:00 a.m. (midnight), showed an oil layer floating atop the industrial wastewater:





The LACSD determined that at least one of the samples contained a concentration of oil and grease as high as 12,900 mg/L, more than 170 times the concentration allowed in the Wastewater Permit and more than 120 times the concentration allowed by the EPA's Categorical Standard for petroleum refineries (100 mg/L).  Defendant Phillips 66 also knowingly failed to inform the LACSD of a potential, or actual, discharge of wastewater from its Carson Facility containing an excessive quantity or concentration of any restricted waste (i.e., non-compliant discharge), such as oil and grease, from defendant Phillips 66's Carson Facility into a POTW operated and maintained by the LACSD.  Both the discharge and the failure to notify were each a violation of a requirement in the LACSD's Pretreatment Program (i.e., defendant Phillips 66's Wastewater Permit and Wastewater Ordinance).

On February 8, 2021, between approximately 6:00 p.m. and midnight (12:00 a.m.), defendant Phillips 66 knowingly discharged approximately 480,000 gallons of non-compliant

9

industrial wastewater, which contained at least 33,700 lbs. of oil and grease, from its Carson Facility to the LACSD's JWPCP. Defendant Phillips 66's employees, including the Environmental Department, were on notice about the non-compliant discharge, but nonetheless failed to notify the LACSD.

Defendant Phillips 66's Carson Facility's non-compliant industrial wastewater discharge resulted in oil being sent to, and received by, the JWPCP:




On or about March 2, 2021, the LACSD issued defendant Phillips 66's Carson Facility two NOVs for failing to notify the LACSD of an industrial wastewater discharge containing excessive quantities of restricted waste (i.e., oil and grease) and circumstances affecting plant processes or operations that could potentially result in discharge of restricted waste, as well as for discharging industrial wastewater which adversely affected an LACSD POTW, namely, the JWPCP.

On or about March 9, 2021, the Manager of defendant Phillips 66's Carson Facility's Environmental Services Department again submitted a written response to the LACSD acknowledging its non-compliant industrial wastewater discharge and its failure to notify the LACSD of said discharge.