# EXHIBIT B

**PHILLIPS 66 COMPANY COMPLIANCE PLAN**

A. **BACKGROUND**

    1. Phillips 66 Company ("Phillips 66") is a publicly held corporation that, among other things, operates several oil refineries in the United States, which are identified by name and location in Attachment 1 (hereinafter the "Covered Refineries").

    2. Phillips 66 shall adhere to this Compliance Plan ("CP") for a minimum period of three years, beginning on the Initial Effective Date[1] as defined by Paragraph 4 of the DPA and ending 36 months from the Initial Effective Date.

    3. For purposes of this CP, the term "Interested Parties" means the United States Attorney's Office for the Central District of California (the "USAO-CDCA") and the United States Environmental Protection Agency ("EPA").

B. **ENVIRONMENTAL COMPLIANCE POLICIES AND PROCEDURES**

    5. Phillips 66, at the direction of the Environmental Compliance Officer, will review, and, if necessary, revise and update its existing policies and procedures to address Clean Water Act compliance related to ongoing operations at Covered Refineries. These policies and procedures shall describe and document the policies, procedures, standards and systems Phillips 66 implements for the purpose of Clean Water Act compliance with applicable federal and state environmental statutes, regulations, and rules related to ongoing operations at Covered Refineries. These policies and procedures will address the particular circumstances and needs of each of the Covered Refineries with respect to Clean Water Act discharge permits.

    6. These policies and procedures must include the following with respect to ongoing operations at Covered Refineries:

        i. Management's environmental roles and responsibilities and the legal requirements related to Phillips 66's activities, products, and services to the extent they are covered by the Clean Water Act;

---

[1] Defined in paragraph 4 of the Deferred Prosecution Agreement entered into between Phillips 66 and the United States Attorney's Office for the Central District of California in Case No. CR 24-699-JFW.

1

ii. A process to identify Phillips 66's activities, products, and services that may lead to releases of contaminants to the environment in violation of the Clean Water Act or Phillips 66's policies related thereto;

iii. References to standard operating procedures and other internal controls necessary to manage potential environmental impacts and prevent releases of contaminants to the environment in violation of the Clean Water Act or Phillips 66's policies related thereto;

iv. Document control and record retention procedures necessary to ensure the effective planning, operation and control of processes that relate to Phillips 66's activities, products and services that have or can lead to a violation of the Clean Water Act or Phillips 66's policies related thereto;

v. Criteria for Phillips 66's environmental training program related to Clean Water Act compliance or Phillips 66's policies related thereto;

vi. A description of the procedure(s) to routinely monitor and measure the key characteristics of Phillips 66's operations that have led or could lead to a violation of the Clean Water Act or Phillips 66's policies related thereto;

vii. A description of Phillips 66's periodic self-assessments and evaluations of compliance, conducted for the purposes of preventing and controlling or minimizing reasonably foreseeable releases of contaminants or pollutants to the environment that would be in violation of the Clean Water Act, or Phillips 66's policies related thereto;

viii. A description of the standard procedures and requirements for internal and external reporting of violations relating to releases of contaminants or pollutants to the environment in violation of the Clean Water Act or Phillips 66's policies related thereto;

      ix.   Procedures for investigation and prompt and appropriate corrective actions following actual and suspected releases of contaminants or pollutants to the environment in violation of the Clean Water Act or Phillips 66's policies related thereto; and

      x.   A description of a system for developing, tracking, and verifying corrective and preventive actions taken by Phillips 66 in response to releases of contaminants or pollutants to the environment in violation of the Clean Water Act, or Phillips 66's policies related thereto; and

      xi.   Periodic reviews by top management of Clean Water Act policies and procedures, including documentation identifying the individual(s), and their respective title(s) that conducted the periodic review.

7. Within 90 days of the Initial Effective Date, Phillips 66 will provide a copy of its corporate wastewater compliance policies and procedures for Clean Water Act compliance related to ongoing operations of Covered Refineries to the Third Party Auditor.

## C. TRAINING PROGRAM

8. Phillips 66, at the direction of the Environmental Compliance Officer, will review and, if necessary, revise and update its existing training program to address all elements of the CP, and to comply with the following requirements. The training program shall be directed to (i) engineers, managers, maintenance personnel[2] and similar personnel whose duties at the Covered Refineries may reasonably impact Clean Water Act compliance related to ongoing operations of Covered Refineries, and (ii) corporate personnel with responsibility over Phillips 66's functions that may reasonably impact Clean Water Act compliance related to ongoing operations of Covered Refineries (collectively, "Responsible Employees"). The training program will include two tiers: (i) General Training; and (ii) Advanced Training.

      i.   General Training will be provided to U.S. employees who are not supervisors and whose regular duties do not include operation or maintenance of systems or

---

[2] "Personnel" includes employees and independent contractors.

3

       equipment engaged in processes with the potential to directly impact Clean Water Act compliance related to ongoing operations of Covered Refineries. The purpose of General Training is to make this portion of Phillips 66's work force understand Phillips 66's obligations under the DPA, including the CP, and to provide basic awareness regarding recognition of Clean Water Act compliance issues related to ongoing operations of Covered Refineries and to provide information on who they contact for further assistance to address the issue.

    ii. Advanced Training will be required for all U.S. employees with supervisory responsibilities and employees whose regular duties include the operation and maintenance of systems or equipment engaged in processes involving industrial wastewater discharges subject to federal, state, or local environmental statutes, regulations, or rules implementing the Clean Water Act. All Responsible Employees who do not receive Advanced Training will receive General Training. The Advanced Training program will include measures for ensuring competency both following the initial training and throughout each employee's period of service through the refresher training provided for below.

9. The training program shall require that all Responsible Employees participate in an annual refresher training in each calendar year following completion of the initial training as required by paragraph 13 below. Responsible Employees failing to demonstrate their continued competency in Clean Water Act compliance, including necessary actions to prevent wastewater discharges to the environment in violation of Clean Water Act laws or regulations or Phillips 66's Clean Water Act compliance policies, shall receive remedial training until they can demonstrate competency.

10. Copies of published training materials shall be readily accessible to all Responsible Employees at the Covered Refineries.

11. Trainings provided shall be documented, including maintaining a record of any presentation or written materials and a record of the personnel attending the

        training.  Phillips 66 shall make such records available to the Interested Parties upon request.

12. Within 30 days of the deadline set forth in Paragraph 13, Phillips 66 will provide a copy of its training program to the Third Party Auditor.

13. The training program shall be fully implemented no later than seven months from Initial Effective Date of the DPA, subject to the seasonal availability of Phillips 66's employees and independent contractors.

D. **EXISTING DOCUMENT AND COMMUNICATION PROCEDURE**

14. Phillips 66 will keep the Interested Parties updated on their work under the CP and may at times, provide drafts or proposals to the Interested Parties for feedback.

15. To facilitate communication while the environmental compliance policies and procedures and training program are being developed, the Interested Parties may schedule check-in meetings with Phillips 66 as needed for a status update on Phillips 66's progress on CP implementation and any issues that have arisen.  The meetings may be telephonic, by Teams, or similar means.

16. The final environmental compliance policies and procedures and training program shall satisfy all of the requirements of the CP.

E. **THIRD PARTY AUDITS**

17. Within 90 days of the Initial Effective Date, Phillips 66 shall identify a Third Party Auditor to complete an independent audit at the following two Refineries: (1) Phillips 66 Refinery, 401 S. 23rd Street, Billings, Montana 59101; and (2) Phillips 66 Refinery, 3277 S. 7th Street, Ponca City, Oklahoma 74601 (hereinafter "Audit Refinery" or "Audit Refineries").  Consistent with standard third party auditor practices, the Third Party Auditor shall not provide advance notice of the audit to Phillips 66 other than to comply with Paragraph 21 below. The purpose and scope of each Third Party Audit shall be to ensure that each Audit Refinery is in compliance with the Clean Water Act and wastewater obligations set forth in their applicable wastewater discharge permits.  The scope of the Third Party Audits shall also include review

5

of Clean Water Act compliance policies and procedures described in Section B, *supra*, at each of the Audit Refineries.  Approval of the Third Party Auditor is subject to the conditions set forth in Paragraphs 18 to 20 below and must be made in writing by the USAO-CDCA.  The USAO-CDCA's approval of the Third Party Auditor shall not be unreasonably withheld.

18. The Third Party Auditor must have appropriate education and environmental experience to perform audits of environmental management systems, including, but not limited to, wastewater treatment systems.

19. The Third Party Auditor must not directly own any stock in Phillips 66, its subsidiaries, affiliated business entities (owned wholly or partially by Phillips 66) or any agents of Phillips 66, and must have no other direct financial stake in the outcome of the duties performed pursuant to the CP.  The Third Party Auditor must be capable of exercising independent judgment. The Third Party Auditor shall disclose to the Interested Parties all contractual relationships, if any, between it and Phillips 66 subsequent to the Initial Effective Date.

20. Phillips 66 shall enter into a contract with the Third Party Auditor that must incorporate the terms of this CP and be consistent with it.  Phillips 66 shall pay all reasonable costs and expenses associated with engaging the Third Party Auditor, together with the reasonable costs associated with its duties as set forth in the CP.  Failure to pay the reasonable expenses of the Third Party Auditor, or any other failure to pay for all costs of the CP, shall be a material violation of the terms of this CP.  The Third Party Auditor shall have full access to Phillips 66's Responsible Employees of the Audit Refineries.

21. The Third Party Auditor will coordinate site visits to the Audit Refineries with Phillips 66, recognizing access to these Refineries on a particular date may be impacted by operations and maintenance activities, process outages, weather or other reasons. The Third Party Auditor will abide by Phillips 66's safety policies and procedures while at the Audit Refineries.

22. Denial of access to Phillips 66's Responsible Employees of the Audit Refineries, non-privileged records or documents related to the scope of the Third Party Audits,

regardless of location, shall be considered a material violation of the terms of this CP.  If Phillips 66 withholds any record or document requested by the Third Party Auditor on the basis of privilege, it shall so notify the Interested Parties and provide them with a privilege log with respect thereto.  If any Interested Party believes the record or document is not subject to privilege but Phillips 66 refuses to release it, the parties agree that a ruling from the United States District Court for the Central District of California overseeing Case No. CR 24-699-JFW, will be binding on all parties.  The parties agree that the Central District of California is the appropriate venue for issues arising from, or related to, this CP.

23. These two Audits will include site visits not to exceed three (3) days for each of the two audits.

24. The Third Party Auditor shall complete the first of the two audits in calendar year 2026 and the remaining audit in 2027 or 2028.  The Third Party Auditor shall not conduct more than one audit in each calendar year of the DPA term.  The Third Party Auditor shall submit a Third Party Audit Report simultaneously to the Interested Parties and Phillips 66 within 60 days of completing the refinery site visit.

25. The CP Audit Report shall present the Audit Findings and shall, at a minimum, contain the following information:

   i. Audit scope and time period covered by the audit;

   ii. The date(s) the on-site portion of the audit was conducted at the Refinery;

   iii. Identification of the audit team members and their qualifications to conduct the audit;

   iv. Identification of Phillips 66 representatives and regulatory personnel observing the audit (if any);

   v. The distribution list for the CP Audit Report;

   vi. A summary of the audit process, including any obstacles encountered;

   vii. Detailed Audit Findings, including the basis for each finding identified;

      viii.   Identification of any Audit Findings corrected during the audit, and a description of any CP compliance shortcomings, recommended corrective actions;

      ix.   Certification by the Independent Third Party Auditor that the CP Audit was conducted in accordance with this document and general audit principles.

**F. CORPORATE OFFICER RESPONSIBLE FOR ENVIRONMENTAL COMPLIANCE**

26. Phillips 66 will identify a single corporate executive responsible for overseeing Phillips 66's environmental compliance policies and procedures as defined by Section B, *supra*, at its Covered Refineries (referred throughout this document as "Environmental Compliance Officer)"[3]). Phillips 66 will identify this corporate executive within 90 days of the Initial Effective Date. If Phillips 66 is working diligently to identify the corporate executive who will assume this responsibility but more time is necessary, Phillips 66 and the USAO-CDCA shall agree to an appropriate extension of time, not to exceed 180 days.

27. The Environmental Compliance Officer must have expertise and competence in the regulatory programs applicable to Phillips 66's operations and all applicable federal, state or local environmental statutes, regulations, or rules related to compliance under the Clean Water Act from ongoing operations of Covered Refineries. In addition, the Environmental Compliance Officer shall have the expertise and competence necessary to assist Phillips 66 in achieving, and maintaining, Clean Water Act compliance at its Covered Refineries related to ongoing refinery operations. The Environmental Compliance Officer shall also have sufficient expertise and competence to assess whether Phillips 66 has an adequate management system in place to assess regulatory compliance, correct non-compliance, and prevent future non-compliance as it relates to all applicable federal, state, or local environmental statutes, regulations, or rules related to compliance under the Clean Water Act for ongoing refinery operations.

---

[3] Phillips 66 need not create a position titled "Environmental Compliance Officer."

**G. CLEAN WATER ACT COMPLIANCE**

    28. Phillips 66 shall immediately comply with the statutory and regulatory requirements of the Clean Water Act at the Covered Refineries.

**H. NON-COMPLIANCE**

    29. Compliance with the terms of this CP does not release Phillips 66 from complying with all applicable federal or state environmental statutes, regulations, or rules, or judicially imposed terms of pretrial supervision, and does not limit imposition of any sanctions, penalties or any other actions available under those statutes, regulations, or rules.  Except for any criminal violation, failure to comply with any material term of the CP (including but not limited to refusal to pay reasonable charges for the Third Party Auditor and failure to provide the Third Party Auditor access to the Audit Refineries, personnel or documents) shall be considered a material breach of this CP, pursuant to the terms of Paragraphs 27 to 29 of the DPA.

**I. REVISIONS AND MODIFICATIONS**

    30. Any revisions or modifications to this CP must be made in writing and signed by Phillips 66 and the USAO-CDCA.

**J. REPORTS**

    31. All reports, documents and correspondence required to be shared under the CP shall be sent to the following offices:

        i. United States Attorney's Office - Central District of California; 312 N. Spring Street Los Angeles, CA 90012
  ATTENTION: AUSA Juan M. Rodriguez
  AUSA Laura A. Alexander
  AUSA Dennis Mitchell

        ii. U.S. Environmental Protection Agency
  Criminal Investigation Division
  600 Wilshire Blvd., Suite 900
  Los Angeles, CA 90017

**ATTACHMENT 1**

**List of Covered Refineries**

1. Phillips 66 Bayway Refinery, 1400 Park Avenue, Linden, New Jersey 07036

2. Phillps 66 Billings Refinery, 401 S. 23rd Street, Billings, Montana 59101

3. Phillips 66 Borger Refinery, Spur 119 North, Borger, Texas 79007

4. Phillips 66 Ferndale Refinery, 3901 Unick Road, Ferndale, Washington, 98248

5. Phillips 66 Lake Charles Refinery, Old Spanish Trail, Westlake, Louisiana 70669

6. Phillips 66 Sweeny Refinery, 8141 Old FM 524 Road, Sweeny Texas 77480

7. Phillips 66 Ponca City Refinery, 3277 S. 7th Street, Ponca City, Oklahoma 74601

8. Phillips 66 Wood River Refinery, 900 S. Central Avenue, Roxana, Illinois 62084